# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH,<br><br>         Petitioner,<br><br>v.<br><br>DANIEL A. BRIGHTMAN, Field Office of Enforcement and Removal Operations, et al.,<br><br>         Respondents. | Case No.: 26-cv-0233-BJC-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT** |

## BACKGROUND

Petitioner Gurpreet Singh, a citizen of India, entered the United States on December 6, 2022. ECF No. 1 ¶¶ 7, 8. He encountered United States Border Patrol, was placed in immigration proceedings, and was paroled into the United States. *Id*. ¶ 8. On July 22, 2025, Petitioner was detained by the Department of Homeland Security when he attended his check-in with Immigration and Customs Enforcement in Fresno, California. *Id*. ¶ 10. He is currently detained at the Imperial Regional Adult Detention Facility. *Id*. ¶ 12.

On January 15, 2026, he filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a motion for a temporary restraining order. ECF Nos. 1, 2. Petitioner asserts, despite his compliance with all conditions and attendance at all court hearings for

1 his removal proceedings, he was re-detained, without any notice. ECF No. 1 ¶¶ 10, 11.

2 This Court set a briefing schedule and issued a limited stay on January 23, 2026. ECF No. 3. Respondents filed a return to the petition and a supplemental return to the petition on January 23, 2026. ECF Nos. 5,6. On January 30, 2026, Petitioner filed a traverse. ECF No. 7.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends his detention is unlawful and violates the Due Process Clause of the Fifth Amendment, the Administrative Procedures Act ("APA"), the guarantee of equal protection and the Suspension Clause of the constitution. *Id*. ¶¶ 37-81. Respondents initially contend Petitioner was served with a Notice to Appear on July 22, 2025, which terminated his parole status. ECF No. 5 at 2. They argue the Court lacks jurisdiction to intrude on the authority to revoke parole and, therefore, the proper remedy is a bond hearing. *Id*. at 3. In the supplemental return, Respondents contend Petitioner "is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)," pursuant to the judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025). ECF No. 6 at 2.

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2). Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity contest the

1  determination, prior to termination of his parole. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. The Court finds Petitioner's revocation of his parole and detention violates the Due Process Clause of the Fifth Amendment and the APA.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Petitioner's request for attorneys' fees and costs is DENIED without prejudice to Petitioner filing an appropriate application for fees. Petitioner's motion for a temporary restraining order is DENIED as moot. The Clerk of Court shall close this matter.

IT IS SO ORDERED.

Dated: February 10, 2026

Honorable Benjamin J. Cheeks
United States District Judge